IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-00-CR-178 JRN |
| | § | |
| TERRELL LAMONT MARSHALL | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on September 3, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On December 7, 2000, the Defendant was sentenced by Judge Nowlin to 135 months of imprisonment, and five years of supervised release for distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). His sentence of imprisonment was subsequently reduced to 100 months. He commenced serving his term of supervised release on November 22, 2006. Since late-2008, the Court has taken notice of a number of new state charges against Defendant, all relating to domestic violence issues. In April 2009, the Defendant was convicted of a family violence assault charge, and received a one-year deferred adjudication sentence. During the pendency of this case, the Defendant

was also convicted on violating a condition of his bond by attempting to contact his girlfriend at her work.  More recently, in March 2010, while still on deferred adjudication, the Defendant was again arrested for assault, and also for resisting arrest, by getting into a fight with the Travis County Sheriff's Deputy who responded to the domestic violence call.  The Defendant was released on bond for these charges in April 2010, and then went into a bond violation status for several months.  During this same time he failed to report to the Probation Office (although he did make some phone calls to his officer), largely because he knew that there was a warrant outstanding against him, and reporting would result in his arrest.  Ultimately, on August 13, 2010, the Defendant was convicted and sentenced for assault-family violence, and received a 15 day sentence.  The remaining charges against him were dismissed.

Based on this conviction, and on the Defendant's failure to report, on August 26, 2010, the Probation Office submitted its petition alleging that the Defendant had violated his supervised release, and the undersigned ordered the issuance of a warrant for the Defendant's arrest.  The Defendant was arrested on that warrant on August 26, 2010.

On September 3, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) committing a new state law offence; (2) failing to report as directed from April through July 2010; and (3) failing to make fine payments as required.

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release term be REVOKED.

The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 4 months of imprisonment, with no supervised release to follow, and the unpaid balance of the fine ($6,636,86) be reimposed, but that interest on the fine be waived due to the Defendant's financial condition.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of September, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE